

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| STEVE ALLEN HEMINGWAY,<br>　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>　　　　Defendant. | §<br>§<br>§<br>§ CIVIL ACTION NO.  4:14-1151-MGL-TER<br>§<br>§<br>§<br>§ |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND AFFIRMING DEFENDANT'S FINAL DECISION

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying his claim for Supplemental Security Income (SSI). Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Defendant's final decision denying Plaintiff's claim for SSI be affirmed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 26, 2015, and the Clerk entered Plaintiff's objections on July 24, 2015. The Court has reviewed Plaintiff's objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed his application for SSI on or about August 24, 2009, contending that his disability commenced on December 1, 1990. His application was denied initially and upon reconsideration. Plaintiff requested a hearing, which the ALJ conducted on February 2, 2012. On March 1, 2012, the ALJ issued a decision finding that Plaintiff was not disabled under the Act. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. Accordingly, the ALJ's decision became Defendant's final decision for purposes of judicial review. Plaintiff then filed this suit on March 26, 2014.

In regards to the filing of objections to the Report, the Magistrate Judge instructed Plaintiff as follows:

> The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).
>
> *****
>
> **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Report 36-1. Nevertheless, the only specific objection that Plaintiff makes to the Report is this: "Defendant also stated that my February 7, 2011[,] physical therapy evaluation noted that I

2

complained of syncopal episodes, that's not in the [R]eport." Objections 2. But, that is simply not so. The Magistrate Judge states in the Report that "Exhibit E20F reflects a physical therapy evaluation dated February 7, 2011, which noted that Plaintiff complained of syncopal episodes and sharp and stabbing pains." Report 8 (citing A.R. 557). Consequently, this objection is overruled.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claim for SSI is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 6th day of August, 2015, in Columbia, South Carolina.

                                                    s/ Mary G. Lewis
                                                    MARY G. LEWIS
                                                    UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.